IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CASANDRA PEAK, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>D. LAWSON & ASSOCIATES, LLC )<br>and WINGZ, INC., )<br>)<br>    Defendants, ) | CIVIL ACTION FILE NO.<br>_____ |

## COMPLAINT

Pursuant to Federal Rule of Civil Procedure 8, Plaintiff Casandra Peak respectfully shows the Court the following:

### Parties, Jurisdiction and Venue

1. Ms. Peak is an individual and a resident of the State of Georgia.

2. Defendant D. Lawson & Associates, LLC ("Lawson") is a limited liability company organized and existing under the laws of the State of Florida. Lawson is subject to the jurisdiction of this Court pursuant to O.C.G.A. § 9-11-91 and may be served with process by serving its registered agent, United States Corporation Agents, Inc., at 476 Riverside Ave., Jacksonville, Florida 32309.

3. Defendant Wingz, Inc. ("Wingz") is a corporation organized and existing under the laws of the State of Delaware. Wingz is subject to the

jurisdiction of this Court pursuant to O.C.G.A. § 9-11-91 and may be served with process by serving its registered agent, The Corporation Trust Company, at Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

4. The Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 because the claims asserted in this civil action arise under the laws of the United States, specifically the Fair Credit Reporting Act (the "FCRA"), 15 U.S.C. § 1681 *et seq.*

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) and this Division pursuant to Local Rule 3.1B(3).

## Factual Background

6. Ms. Peak is a "consumer" under 15 U.S.C. § 1681a(c).

7. On or about April 22, 2025, Ms. Peak applied for employment with Wingz, which is a company that provides non-emergency medical transportation through a network of credentialed drivers. Ms. Peak applied for a position as a driver.

8. Over the next several days, Ms. Peak engaged in the "On Boarding Process" with Peak, which included a driving skills test, a video interview and uploading various information to the Wingz website, including biographical data, insurance information, and vehicle registration information.

9. On April 24, 2025, Wingz informed Ms. Peak that she would need to undergo a criminal background check as part of the On Boarding Process.

10. That same day, Wingz retained Lawson to conduct a criminal background check on Ms Peak.

11. Lawson is a "consumer reporting agency" under 15 U.S.C. § 1681a(f) that provides background screening services, *i.e.* criminal background check reports, to its clients under the FCRA. The reports that Lawson provides to its clients are consumer reports under 15 U.S.C. § 1681a(d)(1).

12. On or about May 1, 2025, Lawson completed its criminal background check report on Ms. Peak and sold it to Wingz. That report was a consumer report.

13. The consumer report that Lawson prepared regarding Ms. Peak was inaccurate because it contained materially incomplete and outdated information. Specifically, the consumer report stated that on October 14, 2002, Ms. Peak had been convicted of Financial Identity Fraud, which was a felony, in Dougherty County, Georgia case no. 02R1046. That information was materially incomplete and outdated because it failed to disclose that the Georgia State Board of Pardons and Paroles had pardoned Ms. Peak of that offense.

14. Lawson negligently or recklessly and willfully violated 15 U.S.C. § 1681e(b) by failing to maintain and follow reasonable procedures to assure maximum possible accuracy of the information contained in the consumer report

it prepared on Ms. Peak because the fact that Ms. Peak had been pardoned of the offense in Dougherty County, Georgia case no. 02R1046 was readily apparent from the public record, including the record in that case and the fact that the offense was not contained in a Georgia Crime Information Center report that Lawson obtained regarding Ms. Peak.

15. On May 1, 2025 at 8:49 AM, Wingz notified Ms. Peak that it had received the results of the criminal background check performed by Lawson, that the results would be reviewed by Wingz personnel, and that Wingz would follow up with her in 1-2 business days.

16. However, Wingz did not wait 1-2 business days to communicate with Ms. Peak. It waited only 2 hours and 14 minutes. On May 1, 2025 at 11:03 AM, Wings sent Ms. Peak an email in which it stated:

> After further review, we regret to inform you that we will not be moving forward with your Wingz On Boarding Process as you did not meet our background check requirements. We have attached a copy of your background check and motor vehicle check results. If you have any questions or concerns regarding the results, please email disputes@dlawsonassociates.com to further assist you. We thank you for your interest in the Wingz platform and the time you've invested in applying.

17. Wingz' decision not to "move forward" with Ms. Peak's "On Boarding Process" constituted adverse action against Ms. Peak, and Wingz' decision to take adverse action against Ms. Peak was based on information contained in the consumer report prepared by Lawson.

18. Prior to taking adverse action against Ms. Peak, Wingz did not provide her with "pre-adverse action notice" in compliance with 15 U.S.C. § 1681b(b)(3). Specifically, prior to taking the adverse action described in the preceding paragraphs, Wingz did not provide Ms. Peak with a copy of the consumer report that Lawson prepared, the statutorily-required summary of rights under the FCRA, notice that it, Wingz, may take adverse action against her, and Wingz did not wait at least five days before taking adverse action against Ms. Peak.

19. Wingz had and has actual knowledge of its obligations under 15 U.S.C. § 1681b(b)(3), and its failure to comply with those obligations was negligent or, in the alternative, reckless and willful.

20. After learning that Wingz had taken adverse action against her, Ms. Peak promptly exercised her rights under the FCRA, specifically 15 U.S.C. § 1681i(a) by disputing the information contained in the consumer report prepared by Lawson and notifying Lawson that the offense described therein had been pardoned by the Georgia State Board of Pardons and Paroles. With her dispute,

Ms. Peak provided Lawson with a copy of an order entered in Dougherty County, Georgia case no. 02R1046, which noted that she had received a pardon for the offense reported in the consumer report prepared by Lawson.

21. After conducting a reinvestigation of Ms. Peak's dispute, Lawson issued an updated and corrected consumer report regarding Ms. Peak, which stated that "there is no identifiable record of conviction for the subject." Lawson notified Wingz and Ms. Peak of the results of its reinvestigation on May 5, 2025.

22. Thereafter, Ms. Peak repeatedly followed up with Wingz, notifying Wingz of the results of Lawson's reinvestigation and requesting that Wingz reconsider the adverse action that it took against her. However, Wingz failed and refused to respond to Ms. Peak's requests and has not further communicated with her.

23. As a proximate result of Defendants' actions, omissions and violations of the FCRA, Ms. Peak has suffered actual damages including (1) loss of employment, wages and benefits, and (2) emotional distress, including feelings of humiliation, despair and hopelessness.

Count 1 – Violation of 15 U.S.C. § 1681e(b) against Lawson

24. The consumer report that Lawson prepared on Ms. Peak was materially incomplete, contained outdated information and was, therefore, inaccurate for reasons described in Paragraph 13 above.

25. Lawson negligently or recklessly and willfully failed to maintain and follow reasonable procedures designed to assure maximum possible accuracy of the information in the consumer report it prepared on Ms. Peak, as alleged in Paragraph 14 above.

26. As a proximate result thereof, Ms. Peak has suffered and is entitled to recover actual damages, as alleged in Paragraph 23 above, in an amount to be proven at trial and as allowed by 15 U.S.C. § 1681n(a)(1)(A) or 15 U.S.C. § 1681o(a)(1).

27. In the alternative and as a result of Lawson's reckless and willful violation of 15 U.S.C. § 1681e(b), Ms. Peak is entitled to recover statutory damages in the amount of $1,000 as allowed by 15 U.S.C. § 1681n(a)(1)(A).

28. As a result of Lawson's reckless and willful violations of 15 U.S.C. § 1681e(b), Ms. Peak is entitled to recover punitive damages as allowed by 15 U.S.C. § 1681n(a)(2).

29. Ms. Peak is also entitled to recover the costs of this action and her reasonable attorneys fees as allowed by 15 U.S.C. § 1681n(a)(3) or 15 U.S.C. § 1681o(a)(2).

### Count 2 – Violation of 15 U.S.C. § 1681b(b)(3) against Wingz

30. Wingz negligently or, in the alternative, recklessly and willfully violated 15 U.S.C. § 1681b(b)(3), as alleged in Paragraphs 16-19 above.

31. As a proximate result thereof, Ms. Peak has suffered and is entitled to recover actual damages, as alleged in Paragraph 23 above, in an amount to be proven at trial and as allowed by 15 U.S.C. § 1681n(a)(1)(A) or 15 U.S.C. § 1681o(a)(1).

32. In the alternative and as a result of Wingz' reckless and willful violation of 15 U.S.C. § 1681b(b)(3), Ms. Peak is entitled to recover statutory damages in the amount of $1,000 as allowed by 15 U.S.C. § 1681n(a)(1)(A).

33. As a result of Wingz' reckless and willful violations of 15 U.S.C. § 1681b(b)(3), Ms. Peak is entitled to recover punitive damages as allowed by 15 U.S.C. § 1681n(a)(2).

34. Ms. Peak is also entitled to recover the costs of this action and her reasonable attorneys fees as allowed by 15 U.S.C. § 1681n(a)(3) or 15 U.S.C. § 1681o(a)(2).

WHEREFORE, Ms. Peak respectfully prays that the Court:

1. Issue process to the Defendants;

2. Conduct a trial by jury of all claims asserted herein;

3. Enter judgment in favor of Ms. Peak as consistent with the jury's verdict; and,

4. Grant Ms. Peak such other and further relief as it deems just and necessary.

- 9 -

This 10th day of July, 2025.

**MCRAE BERTSCHI & COLE LLC**  /s/ *Craig E. Bertschi*
1872 Independence Square, Suite D   Craig E. Bertschi
Dunwoody, Georgia 30338   Georgia Bar No. 055739
ceb@mcraebertschi.com
678.999.1102

Charles J. Cole
Georgia Bar No. 176704
cjc@mcraebertschi.com
 678.999.1105

*Counsel for Plaintiff*